UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| DEGRUY-HAMPTON | * | | CIVIL ACTION |
| VERSUS | * | | NO. 20-2417 |
| OCHSNER CLINIC FOUNDATION | * | | SECTION "E" (2) |

**ORDER AND REASONS**

Pending before me in this matter are Plaintiff Shelita DeGruy-Hampton's Motion for Sanctions (ECF No. 16) and Defendant Ochsner Clinic Foundation's Motion to Compel Discovery (ECF No. 20).  The parties filed timely Opposition Memoranda.  ECF No. 24, 27.  No party requested oral argument in accordance with Local Rule 78.1, and the matters are taken on briefs.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion is DENIED and Defendant's motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.     **BACKGROUND**

Plaintiff contends that her February 18, 2019 termination violated the ADA and FMLA. ECF No. 1, ¶¶ 10-11.  She worked at Ochsner as a surgery scrub tech from February 25, 2013 – March 1, 2019.  *Id.* ¶ 12.  She was diagnosed with Multiple Sclerosis in February 2015.  *Id.* ¶ 12(c). On September 7, 2018, she was placed on progressive discipline and received a write-up for being non-responsive while on call.  *Id.* ¶ 13.  On February 18, 2019, she received another disciplinary action for failure to comply with flu policy in December 2018.  *Id. ¶ 14.*  Before that write up, she received a satisfactory annual evaluation.  *Id.* ¶ 15.  At that time, she asked about her BLS certification and was told it was current.  *Id.*  The following week, on February 25, 2019, she received notice that her BLS certification was set to expire on February 28, 2019.  *Id.* ¶ 16.  She tried several times to schedule her BLS training, but her relief did not show up.  *Id.* ¶¶ 17-22.

1

### A. Plaintiff's Motion for Sanctions

Citing Rule 26(g)(1),[1] Plaintiff requests sanctions against Defendant for abuse of the written discovery process (ECF No. 16-2, at 3-7) and the deposition scheduling process (*Id*. at 7-9).   Plaintiff contends that Defendant provided deficient, improper and incomplete discovery objections, answers and responses and failed to timely supplement its responses.  *Id.* at 4.  Plaintiff also contends that Defendant unilaterally scheduled depositions before providing complete responses to written discovery, including Defendant's own employee handbook and Plaintiff's FMLA documentation.  *Id.* at 8, 10.

Defendant opposes Plaintiff's motion and argues that Plaintiff has failed to point to any particular discovery request or interrogatory that she claims violated Rule 26(g).  ECF No. 27, at 3.  Defendant also objects on the basis that Plaintiff has failed to comply with Rule 37(a)(1) by filing this motion without first conferring in good faith, and that Plaintiff has not filed any prior Motions for Protective Orders or Motions to Compel.  *Id.* at 4.  Defendant contends that it timely responded to discovery as best as it could (and delivered 736 pages of documents) given that Plaintiff refused to respond to its extension request, and that Defendant supplemented its production on April 29, 2021, with another 1,146 pages of documents.  *Id.* at 6-7.  Defendant argues that, on the day after it supplemented its initial production, Plaintiff sent a deficiency letter based only on the first production, refusing to update its deficiency letter after review of the supplemental production, and instead issued new discovery requests seeking documents already produced.  *Id.* at 7-8. Defendant contends that, one month after its supplemental production, Plaintiff sent a new deficiency letter and gave Defendant one day to respond.  *Id.* at 9.

---

[1] ECF No. 16-2, at 9.

B. **Defendant's Motion to Compel**

Defendant has filed a Motion to Compel, asking this Court to hold that Plaintiff has waived all objections (other than based on privilege) based on her failure to timely respond to discovery, seeking full and complete responses to Interrogatory Nos. 1, 3, 9, 11, 17, 19, and ordering Plaintiff to provide the required verification. ECF No. 20-1, at 5-6, 7-13. Defendant also seeks an order requiring Plaintiff to clearly articulate in its responses whether any documents are being withheld, and if so, what specific documents, and to confirm that she has diligently searched for responsive documents given that she has produced only fifty pages of documents that did not include any emails, communications or other documents relating to application for unemployment benefits or appeals, her EEOC documents, or documents reflecting lost wages or emotional distress. *Id.* at 13-14. Specifically, Defendant cites to Plaintiff's Responses to Requests for Production Nos. 1, 2, 3, 5, 6, 10, 11, 12, 13, 16, 17, 18, 20, 23, and 25 as incomplete and insufficient. *Id.* at 14-24. Defendant also asks for fees and expenses incurred in filing this motion. *Id.* at 24-25.

Plaintiff's Opposition fails to address any of the specifics in Defendant's motion  Instead, Plaintiff argues that Defendant's bad faith during the discovery process has precluded Plaintiff from having sufficient time to challenge Defendant's improper objection and refusal to produce documents. ECF No. 24, at 2. Plaintiff argues that her objections "are proper and were submitted as soon as Plaintiff counsel was able," suggesting both Plaintiff and her counsel experienced health issues, and argues that she has supplemented her production on two prior occasions. *Id.* at 4-5.

II.   **APPLICABLE LAW**

A. **The Scope of Discovery**

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(2)(C)(i)–(iii) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[2]  This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.  Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[3]  At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[4]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[5]  If relevance is in doubt, the court should be permissive in allowing discovery.[6]

The parties and the court have a collective responsibility to ensure that discovery is proportional.  The party claiming it would suffer an undue burden or expense is typically in the

---

[2] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[3] *Id.* n.5 (citation and quotation omitted).
[4] *Id*. (citations omitted).
[5] *Dotson v. Edmonson*, No. CV 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[6] *EEOC v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).

best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them."  Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment.  "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."  *Id.*

The party seeking discovery must comply with Rule 26(b)(1)'s proportionality limits on discovery requests and is subject to Rule 26(g)(1)(B)'s certification requirements.  Under Rule 26(g)(1), by signing the discovery requests, the party serving discovery makes an affirmative certification that the requests are consistent with the Federal Rules, interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and not unreasonable or unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.  Fed. R. Civ. P. 26(g)(1)(B).

If discovery requests fall outside the Rule 26(b)(1) scope of discovery, the serving party may face Rule 26(g)(3) sanctions if it made the certification without substantial justification.[7]  The Supreme Court has defined "substantially justified" to mean justified in substance or in the main— that is, justified to a degree that could satisfy a reasonable person.[8]  "Substantial justification" entails a reasonable basis in both law and fact, such that there is a genuine dispute or reasonable people could differ as to the appropriateness of the contested action.[9]

---

[7] *Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017) (citing Fed. R. Civ. P. 26(g)(1)(B), 26(g)(3); *Heller v. City of Dallas*, 303 F.R.D. 466, 475–77 (N.D. Tex. 2014) ("Rule 26(g) is thus designed to curb discovery abuse by explicitly encouraging the imposition of sanctions") (internal quotations omitted)).
[8] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[9] *Id.*; *accord De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008); *Black Ass'n of New Orleans Fire Fighters (Banoff) v. City of New Orleans*, No. 86-1512, 1990 WL 163565, at *3 (E.D. La. Oct. 23, 1990).

## B. Duties in Responding to Discovery

### 1. Full and Complete Responses

"Discovery by interrogatory requires candor in responding. . . .  The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive."[10]  The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[11]  Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[12]  A plaintiff is not required to make an extensive investigation in responding to an interrogatory, but she must review all sources of responsive information reasonably available to her and provide the responsive, relevant facts reasonably available to her.[13]

### 2. The Privilege Objections

A party invoking the attorney-client privilege bears the burden of demonstrating its applicability and must show:  "(1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding."[14]  Likewise, a party withholding information by claiming privilege or work product "***must***: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner

---

[10] *Dollar v. Long Mfg., N.C., Inc*., 561 F.2d 613, 616–17 (5th Cir.1977).
[11] *Areizaga v. ADW Corp*., 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp*., 483 F.2d 300, 307–08 (5th Cir.1973)).
[12] *Id.* (citing *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp*., No. A–11–cv–542–LY, 2013 WL 2607589, at *3 (W.D.Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010))).
[13] *Id.* (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).
[14] *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (emphasis in original).

that, without revealing information itself privileged or protected, will enable the other parties to

assess the claim."  Fed. R. Civ. P. 26(b)(5) (emphasis added).  The word "must" indicates that a

privilege log, including the detail specified by Rule 26(b)(5)(A)(i) and (ii), is mandatory.

Proper substantiation of a privilege objection imposes an evidentiary burden, and the party

asserting the objection must prove that each document it has withheld is privileged, and it cannot

rely merely on a blanket assertion of privilege.[15]  "A privilege log . . . should not only identify the

date, the author, and all recipients of each document listed therein, but should also describe the

document's subject matter, the purpose for its production, and a specific explanation of why the

document is privileged or immune from discovery."[16]  Indeed, the "privilege log's description of

each document and its contents must provide sufficient information to permit courts and other

parties to 'test[ ] the merits of' the privilege claim."[17]

When faced with the absence of or an inadequate privilege log, the court may: (1) permit

the party another chance to submit a proper log; (2) find a waiver of the privilege; (3) conduct an

*in camera* inspection of the withheld documents; or (4) conduct an *in camera* inspection of a select

sample of the withheld documents.[18]  Most courts take a flexible approach, particularly when there

is no evidence of bad faith, and find that waiver should be imposed only for flagrant or willful

[15] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (citation omitted); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir. 1985); *Jordan v. Aries Marine Corp.*, No. 14-377, 2015 WL 151336, at *3 (E.D. La. Jan. 12, 2015) (citing *In re EEOC*, 207 F. App'x 426, 431 (5th Cir.2006); *Woodard v. Andrus*, No. 2:03–2098, 2008 WL 2540600, at *3 (W.D. La. June 20, 2008) (citing *High Tech Commc'ns, Inc. v. Panasonic Co.*, No. 94–1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (citing *Hodges, Grant & Kaufman*, 768 F.2d at 721; *In re Shell Oil Refinery*, 812 F. Supp. 658, 661 (E.D.La.1993))).
[16] *See Peacock v. Merrill*, No. 08-01-B-M2, 2008 WL 687195, at *3 (M.D. La. Mar. 10, 2008) (citing *Jones v. Hamilton Cty. Sheriff's Dep't*, No. IP 02-0808-C-H/K, 2003 WL 21383332, at *4 (S.D. Ind. June 12, 2003)).
[17] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (citing *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982*); NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993) (internal quotation marks omitted))).
[18] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, No. CV 10-00684-BAJ-SCR, 2014 WL 12660120, at *4 (M.D. La. Jan. 14, 2014) (citing *NLRB v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307-08 (D.D.C. 2009)).

failures.[19]  No doubt, the "[c]ontinual failure to adhere to Rule 26's prescription may result in waiver of the privilege where a court finds that the failure results from unjustified delay, inexcusable conduct, or bad faith."[20]  In assessing waiver, courts will typically examine the circumstances behind the failure to respond timely to determine whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance; will consider subsequent actions by the party to ascertain whether it was acting in good faith as opposed to acting in a disinterested, obstructionist or bad faith manner; and will take into account any resulting prejudice and the need to preserve the integrity of the rules.[21]  For instance, when a case presents somewhat unusual circumstances or the discovery is facially objectionable and there is adequate time remaining before trial such that the requesting party would not face undue prejudice, objections are not deemed waived.[22]  When, however, the party simply fails to make even minimal effort to comply with its obligations under Rule 26(b)(5) or acts in bad faith, courts have found waiver.[23]

### 3.  Object with Specificity

A party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an

---

[19] *Id.* (citing *United States v. British Am. Tobacco (Investments) Ltd*., 387 F.3d 884, 890-91 (D.C. Cir. 2004); *Novelty, Inc. v. Mountain View Marketing, Inc*., 265 F.R.D. 370, 381-82 (S.D. Ind. 2009) (foot-dragging and failure to comply with court's order showed willfulness and bad faith); *Muro v. Target Corp*., 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009)).

[20] *BDO USA, L.L.P*., 876 F.3d at 697 (citing *United States v. Philip Morris Inc*., 347 F.3d 951, 954 (D.C. Cir. 2003)).

[21] *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, No. H–07–2426, 2008 WL 2036816, at *5 (S.D. Tex. May 9, 2008); *see also Enron Corp. Savings Plan v. Hewitt Assocs.*, 258 F.R.D. 149, 157 (S.D. Tex. 2009) (summarizing relevant factors as (1) length of the delay; (2) reason for delay; (3) whether there was dilatory or bad faith action; (4) whether the party seeking discovery has been prejudiced; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result) (citation omitted).

[22] *See Superior Diving Co. v. Watts*, Nos. 05–197, 08–5095, 2011 WL 1235195, at *2–3 (E.D. La. Mar. 30, 2011) (Wilkinson, J); *see also Enron*, 258 F.R.D. at 156–57 ("Acknowledging the harshness of a waiver sanction, courts have reserved the sanction for those cases where the offending party committed unjustified delay in responding to discovery. Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver.") (quoting *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (D.C. Ill. 2001)).

[23] *See Johnston v. Transocean Offshore Deepwater Drilling, Inc*., No. 18-491, 2019 WL 1558040, at *2 (E.D. La. Apr. 10, 2019) (collecting cases).

interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[24]

General or boilerplate objections are improper and insufficient.[25]  The party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[26]  Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[27]  Objections interposed without also clearly indicating whether any document or information is being withheld are improper.[28]  All responses must clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[29]

### 4. Timely Response

The failure to respond timely to discovery may, and generally does, result in a waiver of objections.[30]  To avoid a finding of waiver, the party must establish good cause.[31]  The failure to

---

[24] *Lopez v. Don Herring Ltd*., 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[25] *See Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 13-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 20, 2015).
[26] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quotations omitted).
[27] *Chevron*, 2015 WL 269051 at *3 (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted);
[28] *Id.* at *4.
[29] *Id*.
[30] *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *see also* 8A C. WRIGHT, A. MILLER, AND R. MARCUS, FED. PRAC. & PROC. CIV. § 2204 (2d ed. 1994); *B&S Equip. Co. v. Truckla Servs., Inc.*, Nos. 09-3862, 10-0832, 10-1168, 10-4592, 2011 WL 2637289, at *5 (E.D. La. July 6, 2011).
[31] *See, e.g., Solorzano v. Shell Chem Co*., No. 00-31191, 2001 WL 564145 (5th Cir. May 18, 2001) (rejecting argument that magistrate abused her discretion in allowing party to respond to interrogatories with objections after that party had failed to respond or raise any objections within the required 30-day period); *see also Nugent v. Scott Fetzer Co*., No. 19-14759, 2020 WL 1322268, at *5 (E.D. La. Mar. 20, 2020) ("the failure to act timely will not bar consideration of objections in unusual circumstances and for good cause shown.") (citations omitted); *Seals v. Shell Oil Co*., No.

timely object does not, however, automatically waive privilege objections[32] absent unjustified delay, inexcusable conduct, bad faith, or other flagrant violations.[33]

### 5. Verification

Interrogatories must be "answered separately and fully in writing and under oath."  Fed. R. Civ. P. 33(b)(3).  Verification must attest to the truth and accuracy of the information and be signed under oath, as required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5).  The requirement that a party sign his interrogatory answers under oath is critical because interrogatory answers may be used only "to the extent allowed by the Federal Rules of Evidence."  Fed. R. Civ. P. 33(c).  Thus, "interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (Fed.R.Evid.801(d)(2)), than an answer to an interrogatory."[34] Interrogatory responses that are not signed under oath as required are not admissible as evidence to establish lying under oath (or for any other purpose).[35]

### C. Discovery Sanctions

The discovery process is committed in substantial part to the self-regulation of litigants and their lawyers. Its integrity depends to a great degree on their honesty and the reliance the applicable Rules place on their certifications and verifications.  The Federal Rules of Civil Procedure also authorize sanctions against a party for discovery misconduct.

Under Fed. R. Civ. P. 26(g), the court is authorized to impose sanctions against a party who engages in egregious discovery misconduct of the type described in the rule:

---

12-1983, 2013 WL 12439172, at *3 (E.D. La. June 21, 2013) (failure to respond to discovery requests operates as a "waiver of its objections, unless the court excuses that failure for good cause.") (citation omitted).

[32] *B&S Equip. Co.*, 2011 WL 2637289, at *5 (citation omitted).

[33] *Id.* (citation omitted).

[34] *Melius v. Nat'l Indian Gaming Comm'n*, No. 98–2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000) (emphasis added); *accord Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008).

[35] *Wagner v. Boh Bros. Const. Co.*, No. 11-2030, 2012 WL 3637392, at *4 (E.D. La. Aug. 22, 2012) (citations omitted).

Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37.  In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. The subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection. The term "response" includes answers to interrogatories . . . as well as responses to production requests.

If primary responsibility for conducting discovery is to continue to rest with the litigants, they must be obliged to act responsibly and avoid abuse. . . . Although the certification duty requires the lawyer to pause and consider the reasonableness of his request, response, or objection, it is not meant to discourage or restrict necessary and legitimate discovery.  The rule simply requires that he attorney make a reasonable inquiry into the factual basis of his response, request or objection.

Official Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 26(g).  Rule 37 also

authorizes sanctions for discovery misconduct.  *See, e.g.*, Fed. R. Civ. P. 37(b), (c), (d), (e) and (f).

### D.  Motion to Compel

In addressing a motion to compel, the moving party bears the burden to establish that the

materials requested are within the scope of permissible discovery, after which the burden shifts to

the party resisting discovery to show why the discovery is irrelevant, why discovery should not be

permitted, and/or to substantiate its objections.[36]  Further, if a party resists discovery on the

grounds of proportionality, it bears the burden of making a specific objection and showing that the

discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific

information to address the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the

---

[36] *Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections.") (citation omitted); *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016) ("[T]he moving party bears the burden of showing that the materials and information sought are relevant to the action . . . .") (quotation omitted); *Davis v. Young*, No. 11-2309, 2012 WL 530917, at *3 (E.D. La. Feb. 16, 2012) (same) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

11

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[37]

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[38]

## III.   ANALYSIS

### A.  Plaintiff's Motion for Sanctions

Plaintiff does not seek sanctions under Rule 37; she relies exclusively on Rule 26(g).

While Plaintiff generally complains that Defendant's initial discovery responses were incomplete, Defendant sought an extension to provide more complete responses.  Plaintiff, however, refused to grant that request.  Accordingly, Defendant timely responded based on the information that it had at that time to avoid untimely responses, and it later supplemented its responses.  Notably, Plaintiff did not file a Motion to Compel, and while she generally complains about the scope of Defendant's discovery requests, she did not she seek a protective order with regard to same.  A motion for sanctions under Rule 26(g) is not a substitute for a Rule 37 Motion to Compel, and the governing standards differ.

Plaintiff also complains about Defendant's scheduling of depositions days after its supplemental production of documents.  ECF No. 16-2, at 8.  However, Plaintiff did not seek relief from the court with regard to Defendant's discovery responses, did not seek to re-schedule the deposition, and did not file a motion demonstrating good cause for an extension of the relevant

---

[37] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).
[38] Fed. R. Civ. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

deadlines.  Nor does Plaintiff identify any deposition misconduct that would justify sanctions under Rule 26(g).

While the parties' briefs reflect failures to communicate and cooperate, with counsel being intransigent, on the record before me, Plaintiff has not identified any discovery misconduct by Defendant that lacked "substantial justification."  Nor does Plaintiff identify any conduct that would rise to the level of bad faith in terms of insufficient inquiry, harassment or other improper purpose necessary to impose Rule 26(g)(3) sanctions.  *Cf. Cox Operating, L.L.C. v. Cibilic*, No. 09-3358, 2010 WL 3614306, at *2 (E.D. La. Sept. 8, 2010) (denying Rule 26 sanctions).  The parties have clearly failed to communicate with one another during discovery, and Plaintiff's complained deficiencies in Defendant's discovery responses should have been addressed via a Motion to Compel, not for the first time in her Reply Memorandum in Support of her Motion for Sanctions.[39]  However, nothing indicates that Defendant was not "substantially justified" in its certifications or discovery responses to the extent necessary to justify sanctions.  *Cf. Ibarra v. Baker*, 338 F. App'x 457, 470–71 (5th Cir. 2009) (counsel's disclosure that production was incomplete precluded imposition of sanctions under Rule 26).

## B.  Defendants' Motion to Compel

Initially, Plaintiff does not address her failure to verify her discovery responses.  *See* ECF No. 24.  Rule 33(b)(1)(B), (3) and (5) require that the interrogatory responses be signed, under oath, by the party to whom they are directed.  "The requirement that a party sign his interrogatory answers under oath is critical."[40]  If interrogatory responses are not signed by the party but only by the party's attorney, the responses are unsworn, unverified, and amount only to statements of

---

[39] See ECF No. 32, at 5-7.
[40] *Jordan v. ENSCO Offshore Co.*, No. CV 15-1226, 2016 WL 3049565, at *8 (E.D. La. May 23, 2016) (citing *Wagner* 2012 WL 3637392 at *4 (emphasis added)).

counsel. Such interrogatory responses are not admissible evidence at trial.[41]   Defendant's motion

is granted insofar as it seeks verification of all interrogatory answers.  Plaintiff must provide the

required verification within 7 days, i.e., on or before June 25, 2021.

Plaintiff's general, boilerplate objections in response to Interrogatory No. 1 (i.e., that the

discovery requests are "overly broad in temporal and substantive scope" and "seek information

not reasonably calculated to lead to the discovery of admissible evidence nor proportional to the

needs of the case") and Request for Production No. 6 are conclusory and non-specific.

Accordingly, the objections are overruled and stricken.  Plaintiff's past employment, including any

reasons for termination, constitutes relevant evidence.[42]  Likewise, Plaintiff's employment search

efforts are directly relevant to mitigation of damages.  Plaintiff is directed to provide full and

complete responses to these requests (including the business address and phone number for her

former employers, reasons for separation, and positions held) within 14 days, i.e., on or before

July 2, 2021.

Plaintiff's "vague and ambiguous" objection to the terms "substantive effort" and "undue

burden" in response to Interrogatory No. 3 is overruled and stricken.  Given Plaintiff's duty to

mitigate damages through alternative employment, Defendant is entitled to full and complete

discovery regarding Plaintiff's post-termination job search efforts.  Plaintiff is directed to provide

the business address, phone number, position and dates of application for any employer with whom

she sought employment, and to fully and completely answer the interrogatory regarding whether

she was interviewed, offered the job or had other follow-up conversations within 14 days, i.e., on

or before July 2, 2021.

---

[41] *Id.*

[42] *See, e.g., McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995) (after-acquired evidence limits
potential damages).

Plaintiff's "prematurity" objections to Interrogatory Nos. 9, 11, 17, 19 and Requests for Production Nos. 1 and 6 are improper. While Plaintiff answered these interrogatories and requests while discovery was ongoing and thus may have to supplement, she is still obliged to conduct a reasonable investigation as necessary to provide as full and complete answer as reasonably practicable. Simply referring to her initial disclosures and objecting based on prematurity is improper. Plaintiff is directed to review all sources of responsive information reasonably available to her and supplement her prior responses to provide the responsive, relevant facts reasonably available to her in response to Interrogatory Nos. 9, 11, 17, 19 within 14 days, i.e., on or before July 2, 2021. Plaintiff is further directed to produce any responsive documents within her possession, custody or control within 14 days, i.e., on or before July 2, 2021.

In response to Requests for Production Nos. 1, 2, 3, 13, Plaintiff objected based on privilege or work product. Plaintiff, however, did not provide a proper and complete privilege log as to any document withheld from production or to affirmatively state that no such documents have been withheld. Plaintiff is directed provide a full and complete privilege log as to any document withheld from production or affirmatively state that no documents have been withheld based on privilege or work product within 14 days, i.e., on or before July 2, 2021.

Plaintiff also objects to Requests for Production Nos. 1, 2, 3, 5, 10, 12, 23, 25 on the grounds that the requests seek information already within Defendant's possession. Initially, Plaintiff has no factual basis upon which to establish that Defendant has any document Plaintiff thinks it should have other than what Defendant has produced to Plaintiff in this litigation. Accordingly, other than duplicates of documents produced by Defendant in this case, Plaintiff must produce any responsive documents within her possession, custody or control within 14 days,

i.e., on or before July 2, 2021, or affirmatively state that she does not have any responsive documents within her possession, custody or control.

Request for Production No. 18 seeks signed authorization for tax records.  Within the Fifth Circuit, courts have recognized that Rule 34, along with Rule 37, empower federal courts to compel parties to sign written authorizations consenting to the production of various documents:[43]  "Rule 34 permits the Court to require a party to produce any document under his control.  Obviously the plaintiff is in control of these records, because, by either granting or withholding her consent, she may determine who shall have access to them."[44]  Accordingly, Plaintiff must provide the signed authorization within 7 days, i.e., on or before June 25, 2021.

## IV.    CONCLUSION

While the parties' filings reflect failures to communicate with one another, Plaintiff's motion does not establish sufficient grounds for sanctions under Rule 26(g).  With regard to Defendant's Motion to Compel, Defendant has established the insufficiency of Plaintiff's responses in several respects, as set forth herein.  Neither party, however, has demonstrated that an award of fees and costs is proper in this case, particularly given the competing motions and the parties' mutual failures to communicate.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Sanctions is DENIED;

---

[43] *Allen v. Indian Harbor Marine, Inc.*, No. 96-3135, 1997 WL 666210, at *1–2 (E.D. La. Oct. 24, 1997) (citing *Lischka v. Tidewater Servs., Inc.*, No. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) (Vance, J.); *Smith v. Maryland Cas. Co.*, 42 F.R.D. 587, 589 (E.D. La. 1967) (Rubin, J.)).

[44] *Smith*, 42 F.R.D. at 589 (footnote omitted); *see also Phillips v. Ins. Co. of N. Am.*, 633 F.2d 1165, 1168 (5th Cir. 1981) (affirming sanction of dismissal when party failed to sign written authorization for release of tax records as ordered by the court); *Hunters Run Gun Club, LLC v. Baker*, No. 17-176-SDD-EWD, 2019 WL 507479, *6–8 (M.D. La. Feb. 7, 2019) (ordering party to sign authorization for release of cell phone records); *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 231 (N.D. Tex. 2016) (ordering party to sign authorization for release of social security records); *McKnight v. Blanchard*, 667 F.2d 477, 481–82 (5th Cir. 1982) (suggesting that Rule 34, not Rule 33, is the proper method to require a party to sign a release authorization); *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 362 (5th Cir. 2018) (avoiding difficult question of whether signing authorization to release medical records fully satisfies a party's obligations under Rule 34).

IT IS FURTHER ORDERED that Defendant's Motion to Compel is GRANTED IN PART

AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED  that the requests for fees and costs are DENIED.

New Orleans, Louisiana, this 18th day of June, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE